RAHWAY VALLEY RAILROAD COMPANY, A BODY CORPORATE, PROSECUTOR, v. THE BOARD OF PUBLIC UTILITY COMMISSIONERS AND E. DONALD STERNER, STATE HIGHWAY COMMISSIONER, DEFENDANTS.

Submitted January 21, 1941—Decided July 25, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *McKirgan & Gilson.*

For the defendant Board of Public Utility Commissioners, *John A. Bernhard.*

For the defendant E. Donald Sterner, State Highway Commissioner, *David T. Wilentz,* Attorney-General (*William A. O'Brien* and *William J. McCormack,* of counsel).

The opinion of the court was delivered by

HEHER, J. The question at issue is the propriety of the action of the Board of Public Utility Commissioners granting leave to the State Highway Commissioner, under *R. S.* 1937, 48:2-28, to construct an additional width to State Highway Route No. 29 at grade over prosecutor's right of way and tracks in the Township and County of Union, in this state.

Route 29 is now a three lane single highway 29 feet wide, crossing prosecutor's railroad at grade under a permit granted by the Utility Commissioners on April 22d, 1929; and the plan now under attack provides for a dual highway, the existing highway to be devoted exclusively to eastbound traffic and a new roadway of approximately the same width to be constructed 180 feet to the north thereof, and to be used for westbound traffic. Chestnut Avenue extends into but not across Route 29 on the northerly side thereof, about 600 feet east of the railroad; and Michigan Avenue also runs into but not across Route 29 on its southerly side, about 200 feet west of the railroad. Chestnut Avenue affords the "most direct access" to the westerly section of Union, and to Maplewood, Millburn and the Oranges. Michigan Avenue is the most accessible to Aldene, Cranford and Highway Route 25. "Cross-overs" are to be constructed, 1,000 feet apart, for the "interchange of traffic from the east to the west or west to the east." This will constitute a "traffic circle across the railroad between Chestnut Avenue and Michigan Avenue." The railroad comprises "a one track freight service extending from Aldene and Roselle Park as one terminus to Summit, a total main line distance of slightly in excess of seven miles," and "just north of the existing Route No. 29 crossing the Rahway Valley line" it "has three miles of track which extends through Union and terminates at Maplewood." It is engaged, as the Utility Board found, "primarily in the transfer of Central Railroad and Lehigh Valley Railroad freight cars at Aldene and Roselle Park, respectively, to the

Lackawanna Railroad at Summit and *vice versa,* and secondarily in serving a number of manufacturing plants" on its "line between the termini. Trains are operated daily except Sundays and holidays."

The rationale of the findings of the Utility Board was that, while the consummation of the proposal "will impose some inconvenience and expense upon" prosecutor, its approval was "unavoidable by the compelling force of public necessity for the dual-highway crossing."

It is the insistence of prosecutor that this approving action should be vacated for these reasons: (1) the proposed construction "will create an extremely and unnecessarily dangerous condition to traffic on Route No. 29;" (2) "it permits unreasonable interference with operations of the railroad;" and (3) "it imposes unreasonable obligations upon the railroad."

We conclude that the plan thus approved is designed to serve public traffic needs with due regard to the element of safety. It is a modification of the ordinary "traffic circle" that, in sound engineering judgment, will promote the free flow of traffic, with a minimum of hazard, in an area where traffic has increased in such volume as to create congestion and extraordinary danger. It will eliminate the danger incident to the left turns now made from Michigan Avenue into the highway, and from the highway into Michigan Avenue, and the like with respect to Chestnut Avenue. The traffic from these streets will merge with other highway traffic until safely reversed through a cross-over. We do not share the view that the consummation of this plan will seriously interfere with prosecutor's switching operations. And the incidental cost of guarding and maintaining the new grade crossing thereunder is not such as to warrant its rejection. Indeed, much if not all of this would result from the adoption of prosecutor's alternate plan for a converging of the traffic lanes into one crossing over prosecutor's right of way. Aside from other traffic problems, it would entail such hazards to safety as to render it unfeasible. At all events, the circumstances afford no basis for the conclusion that the action under review is arbitrary; and this is the touchstone of the validity of such determinations.

The inquiry is whether the action taken "is purely arbitrary, whether or not it has a reasonable basis to rest upon, whether or not it is supported to any extent by the facts submitted to the board for its consideration; and if it shall be made to appear to the court that such action is purely arbitrary, or that it has no reasonable basis upon which to rest, or is unsupported by the facts laid before the board, the court may declare it null and void, and order it to be set aside." *West Jersey and Seashore Railroad Co.* v. *Public Utility Board,* 87 *N. J. L.* 170; *Erie Railroad Co.* v. *Public Utility Board,* 89 *Id.* 57; *affirmed,* 90 *Id.* 672; *Fornarotto* v. *Board of Public Utility Commissioners,* 105 *Id.* 28; *West Jersey and Seashore Railroad Co.* v. *Board of Public Utility Commissioners,* 8 *N. J. Mis. R.* 212; *affirmed, sub nom. Atlantic City Railroad Co.* v. *Board of Public Utility Commissioners,* 109 *N. J. L.* 260; *West Shore Railroad Co.* v. *Board of Public Utility Commissioners,* 11 *N. J. Mis. R.* 149; *affirmed,* 112 *N. J. L.* 83; *Pennsylvania Railroad Co.* v. *Board of Public Utility Commissioners,* 13 *N. J. Mis. R.* 766. *Vide R. S.* 1937, 48:2-43 and 48:2-46. The legislature has committed the resolution of such questions to the experienced judgment of the Utility Board; and if the determination of that tribunal has a reasonable basis in the evidence, and is free of the vice of arbitrariness, this court cannot substitute its judgment therefor. *Perth Amboy* v. *Board of Public Utility Commissioners,* 98 *N. J. L.* 106.

The Utility Board was not concluded by the opinion expressed in 1929 that "the highway situation" at this point "should be limited to a single crossing of the railroad right-of-way." The great increase of traffic since then demands new measures to meet the public need.

The judgment is accordingly affirmed, with costs.